UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SCOTT D. CHRISTENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: |
| -vs- ) | |
| ) | |
| ) | |
| CHAMPAIGN SCHOOL DISTRICT ) | |
| UNIT #4, ) | |
| ) | **JURY TRIAL** |
| Defendant. ) | **DEMANDED** |

## COMPLAINT

Plaintiff, Scott D. Christenson, by and through his attorney, Ronald S. Langacker of Langacker Law, Ltd, states as and for his Complaint against Defendant, Champaign County School District Unit #4 ("District") states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's Americans with Disabilities Act claims under 28 U.S.C. §§ 1331, 1337, and 1343, 29 U.S.C. § 216(b).

2. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, § 1391(b) since the Defendant engages in business within the judicial district of this Court, and the actions Plaintiff complains of occurred within the judicial confines of this Court.

### EXHAUSTION OF ADMINSTRATIVE REMEDIES

3. The Plaintiff has exhausted all of the administrative remedies prior to bringing the lawsuit.

4. Plaintiff filed Charge # 21B-2013-01457, a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), on April 9th, 2013. On December 26th 2013, the EEOC issued a *Notice of Right to Sue* in connection with Plaintiff's charge. A copy of the *Notice of Right to Sue* is attached hereto as Exhibit A.

5. Plaintiff filed Charge #21B-2012-02343, a timely charge of discrimination with the EEOC on June 25th, 2012. On March 6th, 2014, the EEOC issued a *Notice of Right to Sue* in connection with Plaintiff's charge. A copy of the *Notice of Right to Sue* is attached hereto as Exhibit B.

## PARTIES

6. Plaintiff, Scott D. Christenson, is an employee of the Defendant, and currently resides within this judicial district in Champaign, Illinois.

7. Defendant, Champaign County School District Unit #4 ("District") is a unit of local government located within Champaign County, Illinois.

8. The District's powers and duties include the authority to hire and fire personnel, and to adopt, enforce, and monitor all policies it deems necessary and proper for management and governance of its schools.

9. At all relevant times, the District employed in excess of 50 employees at its various facilities within the Court's geographical jurisdiction, and is thus an employer and covered entity as defined under the Americans with Disabilities Act ("ADA").

## STATEMENT OF FACTS

10. The Plaintiff had been employed with the District as a bus driver from October 29th, 1998, until February of 2013.

11. That at all times the Plaintiff's job performance met or exceeded the legitimate expectations of the District.

12. That the Plaintiff suffers from a disability, specifically Addison's disease, which the Plaintiff has suffered from throughout his employment with the District. Despite this, the Plaintiff has been successful at managing his symptoms and otherwise is capable of performing the duties his employment as a bus driver.

13. In addition to suffering from Addison's disease, the Plaintiff has also suffered from a number of other medical conditions during his employment, such as needing a total right knee replacement, lower back problems requiring surgery, and other conditions for which the Plaintiff would be considered disabled from.

14. That as a result of the related disabilities and health-related conditions, the Plaintiff has needed to take a considerable amount of time off from work during his employment with the District. Nevertheless, the Plaintiff had consistently been found fit for duty upon his return to work, and has been fully capable of fulfilling his duties as a bus driver with reasonable accommodations from the District.

15. That as a result of his having a number of disabilities and needing accommodations from the District, the District has engaged in a course of hostile and discriminatory conduct towards the Plaintiff, including but not limited to the following;

a. Being reprimanded for allegedly poor attendance and otherwise subjected to an "Attendance Improvement Program" from October 2011 through October 2012, as a result of his using protected work-related leave during 2011;

b. Denying the Plaintiff's requests for worker's compensation on three separate occasions, in October of 2011, December of 2011, and February of 2012;

c. Accused the Plaintiff of failing to follow proper attendance reporting procedures in January of 2012;

d. On March 20, 2012, the District recommended the Plaintiff be suspended for seven (7) days without pay due to an unfounded allegation of inappropriate work place behavior;

e. Accused the Plaintiff of making false and misleading comments during a Board of Education meeting on April 9th, 2012;

f. Accusing the Plaintiff of engaging in non-employment related activities during the course of his employment;

g. In May of 2012, the Plaintiff's supervisor, Steve Rousey, became verbally hostile to the Plaintiff during a meeting, and exclaimed during the meeting that the Plaintiff was "always sick," and referencing the Plaintiff's disability in front of other employees in a demeaning manner; and

h. On June 18th 2012, falsely accusing the Plaintiff that he failed to follow proper drop-off procedures in transporting students, and recommending a ten (10) day suspension of Plaintiff.

16. That from late 2012 until February 20th, 2013, the Plaintiff was on leave of absence to a medical condition, and was medically cleared for duty by his treating physician on February 20th, 2013.

17. On February 20th, 2013 the District did not allow the Plaintiff to return to work, even though he had been released by the Plaintiff's own surgeon and primary care physician. Instead, the Defendant subjected the Plaintiff to an independent medical examination ("IME") to determine his fitness of duty.

18. Against the manifest weight of the evidence, the IME physician found the Plaintiff was fully and permanently disabled for the limited purpose of being a school bus driver. The IME physician did not point to any one specific medical condition which caused the Plaintiff to be unfit for duty, however ambiguously determined the "totality" of the Plaintiff's medical conditions caused him to be unfit to drive a bus for the District.

19. Following the District's determination, the Plaintiff met with Ken Kleber, the District's Executive Director of Human Relations, where the Plaintiff was allowed to submit additional information for the District to consider regarding his fitness for duty.

20. The Plaintiff provided the District with substantial evidence to contradict the findings of the IME doctor, including but not limited to a medical examiner's certificate from the Illinois Department of Transportation, which affirmed the Plaintiff was qualified to be a bus driver for the purposes of the State of Illinois. The Plaintiff further obtained a second fitness for duty examination from Dr. David Fletcher, conducted on March 5th, 2013, which showed the Plaintiff was

physically fit for duty. The Plaintiff also submitted additional medical evidence for the District to consider.

21. Despite overwhelming evidence to the contrary, the Defendant has refused to engage in a truly interactive process with the Plaintiff, and allow him to return to work at his previous position, even though obviously qualified to do so, or consider any reasonable accommodations to allow him to return as a bus driver. Having been denied the ability to return to work as a bus driver, the Plaintiff reluctantly accepted a position with the District as a hall monitor, which was not the same or similar position that he previously held with the District.

## COUNT I
## Disability Discrimination, Including Failure to Accommodate, In Violation of the ADA

22. The Plaintiff restates and fully incorporates into Count I the allegations set forth in Paragraphs 1 through 21, above.

23. The ADA makes it unlawful for an employer to discriminate against a qualified individual on the basis of a disability in regard to discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment, including a failure to make reasonable accommodations to the known physical and mental limitations of an employee who is otherwise a qualified individual with a disability. See 42 U.S.C. § 12112(a) and (b).

24. At the relevant times, Plaintiff was "disabled" as defined under the ADA.

25. At the relevant times, Plaintiff was a "qualified individual" as defined under the. ADA.  See 42 U.S.C. § 12111(8).

26. As described above, the District has engaged in a pattern of conduct by discriminating against the Plaintiff as a result of his disabilities.

27. Furthermore, the District failed to engage in a meaningful interactive process with Plaintiff in 2013 to determine that he was fit for duty to drive a school bus, or otherwise identify potential work adjustments which could have allowed the Plaintiff to achieve a realistic work expectation.  The District instead found the Plaintiff unfit for duty and to continue his employment, was forced to accept a lesser position with the District as a hall monitor.

28. As described above, the District treated the Plaintiff's non-disabled peers more favorably than him as a result of his disability.

29. As a direct and proximate result of the District's illegal discrimination as described above, the Plaintiff has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has further suffered emotional pain, mental anguish, loss of enjoyment of life, and non-pecuniary losses.

30. The District knew their acts as described above were prohibited by the ADA, or otherwise acted with reckless disregard to that possibility.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS AS FOLLOWS:

    A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the ADA and issue a mandatory injunction against the Defendant to take affirmative steps to ensure that it

and all individuals working under it refrain from engaging in any actions with respect to the Plaintiff which are prohibited under its terms;

B. Issue a mandatory injunction directing the Defendant to reinstate the Plaintiff to the position of employment that he would have had held had it not been for Defendant's unlawful conduct;

C. Award Plaintiff damages sufficient to compensate him for economic loss suffered as a result of the aforementioned conduct alleged in the complaint;

D. Award Plaintiff compensatory and punitive damages to the extent permitted by law;

E. Assess against the Defendant the costs and expenses incurred by the Plaintiff in maintaining the above-captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above-captioned cause; and

F. For all other relief the Court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

SCOTT D. CHRISTENSON, PLAINTIFF

By: /s/Ronald S. Langacker
Ronald S. Langacker, Attorney at Law

Ronald S. Langacker, #6239469
Langacker Law, Ltd.
102 East Main Street, Suite 100
Urbana, Illinois 61801
Telephone: (217) 954-1025
Facsimile: (217) 903-5255
E-Mail: langackerlaw@gmail.com